UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTIN RUSSO,

          Plaintiff,

       v.

DAVID LIVINGSTON, et al.,

          Defendants.

Case No. 25-cv-09621-AMO (PR)

**ORDER DIRECTING PLAINTIFF TO PROVIDE A CURRENT ADDRESS**

Mail recently sent to Plaintiff Justin Russo, who is representing himself in this matter, has been returned as undeliverable, indicating that Russo is no longer in custody at Pleasant Valley State Prison ("PVSP"). Specifically, on June 11, 2026, a piece of mail directed to Russo at PVSP by the Court was returned to the Clerk of the Court with the following notation, "INACTIVE." Dkt. 11 at 1. Further notations indicated: "RETURN TO SENDER[,] INSUFFICIENT ADDRESS[,] UNABLE TO FORWARD." *Id.* That piece of mail also bore check marks next to the following stamped notations: "Not at PVSP-Coalinga," and "Moved, no forwarding address." *Id.* Moreover, mail directed to Russo by the Court in another case was returned to the Clerk on July 1, 2026 with similar notations, which also indicated that it was returned as undeliverable because Russo was not in custody as he had been "parole[d]." *See* Case No. 25-cv-08885-AMO (PR), Dkt. 37 at 1. A check of the prison's online inmate finder on July 8, 2026 shows that he is no longer listed as being in custody. To date, Russo has not updated his address with the Court or submitted any further pleadings in this case.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may, on its own motion, dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A court

United States District Court
Northern District of California

should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11 a self-represented party whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the self-represented party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address. *See* L.R. 3-11(b).

In light of the foregoing, Russo shall inform the Court of his current address no later than **sixty (60) days** from June 11, 2026, the date mail directed to him was first returned as undeliverable. **Failure to timely inform the Court of his current address shall result in dismissal of this action without prejudice under Local Rule 3-11(b) and Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Dated: 7/9/2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

2